IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH GUARRASI *et al.*

v.     CIVIL ACTION NO. 07-5475

DIANE E. GIBBONS *et al.*

**MEMORANDUM**

YOHN, J.                                                            February 3, 2011

Plaintiff Joseph Guarrasi, a state prisoner and former attorney acting *pro se*, sued twenty-nine defendants for various civil-rights violations in connection with Guarrasi's arrest for attempted murder and other charges.[1] Among those defendants was Thomas G. Gambardella, whom Guarrasi sued both individually and in his official capacity as an assistant district attorney in Bucks County. Following a bench trial, I entered judgment in favor of Gambardella with respect to Guarrasi's claims against him, and entered judgment against Gambardella with respect to his counterclaim against Guarrasi.

As the prevailing party, Gambardella filed a bill of costs under Federal Rule of Civil Procedure 54(d)(1), and, after considering Guarrasi's objections, the clerk taxed costs of

---

[1] U & Me, Inc. was also a named plaintiff in the original action, but I dismissed it from the suit because, as a corporation, it was not a proper plaintiff in this civil-rights action. *See Guarrasi v. Gibbons*, No. 07-5475, 2008 U.S. Dist. LEXIS 81632 (E.D. Pa. Oct. 15, 2008).

1

$742.25, for deposition transcripts, against Guarrasi.[2] Guarrasi now appeals from the clerk's order, claiming that the costs were "improvidently taxed." (Guarrasi's Notice of Appeal.)

"A district court's review of the clerk's determination of costs is *de novo*." *Reger v. Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010). There is, however, "a strong presumption that costs are to be awarded to the prevailing party." *Id.* (internal quotation marks omitted).

Guarrasi does not dispute that Gambardella is the prevailing party or that the cost of deposition transcripts may properly be taxed here. Rather, Guarrasi argues that Gambardella is not entitled to recover costs because Bucks County, which defended Gambardella in this action, paid the costs that Gambardella seeks. Guarrasi further asserts that under Pennsylvania law, Gambardella would be able to keep any amounts awarded to him as costs,[3] and argues that an award of costs to Gambardella would thus be a windfall to him and would frustrate the intent of the federal statute governing the taxation of costs.[4]

---

[2] Rule 54(d) provides in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1).

[3] The applicable indemnity provision provides, in relevant part:
No employee of a local agency shall be liable to the local agency for any surcharge, contribution, indemnity or reimbursement for any expenses or legal fees incurred by the local agency while defending the employee against a claim for damages on account of an injury to a person or property caused by an act of the employee.
42 Pa. Cons. Stat. Ann. § 8548(b).

[4] The clerk asserted that because Gambardella was sued both individually and in his official capacity, "Bucks County may stand in Gambardella's shoes and recover its allowable costs." (Clerk's Taxation of Costs July 15, 2010, at 6.) In his appeal from the clerk's award of costs, Guarrasi has framed the issue as "[w]hether the County of Bucks stands in the stead of the defendants that are sued in their individual and official capacity." (Pl.'s Mem. in Supp. of Pl.'s Appeal of Costs at 1.) For the reasons discussed below, however, whether Bucks County stands

Guarrasi cites no authority precluding an award of costs merely because those costs were paid by a third party, and Rule 54(d)(1) contains no such limitation. Indeed, other courts that have considered the issue have concluded that costs may be awarded "to a prevailing party even if such costs were initially paid by a third party on the prevailing party's behalf." *Haldeman v. Golden*, No. 05-00810, 2010 U.S. Dist. LEXIS 54111, at *12–*13 (D. Haw. May 28, 2010) (awarding costs to state-employee defendant sued in her individual capacity where State of Hawaii had incurred the costs); *see also Moore v. Mercier*, No. 00-2099, 2000 U.S. App. LEXIS 25396 (8th Cir. Oct. 12, 2000) (affirming award of costs to prevailing defendants where State of Missouri had paid their costs); *Draper v. Martin*, No. 06-3138, 2010 U.S. Dist. LEXIS 111709, at *3 (C.D. Ill. Oct. 20, 2010) (awarding costs to defendants as prevailing parties even though they were indemnified by the State of Illinois and the state defended them); *cf. Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639–40 (11th Cir. 1991) (holding that prevailing party could recover its costs even though its insurance company paid its litigation costs). These courts have concluded that "[i]t is irrelevant whether the taxable costs . . . were actually paid by [the prevailing party] or by a third party." *King v. Gowdy*, No. 02-CV-75136, 2008 U.S. Dist. LEXIS 32755, at *6 (E.D. Mich. Apr. 22, 2008) (allowing costs to prevailing plaintiff where court had paid the costs through its pro bono program). In so concluding, these courts have not inquired as to whether a repayment obligation exists between the prevailing party and that third party, and Guarrasi has cited no authority for conditioning an award on a finding of such a

---

in Gambardella's shoes for purposes of this cost award, or would otherwise be entitled to recover the award, has no bearing on Gambardella's entitlement to costs under Rule 54(d)(1) as the prevailing party. Similarly, it does not matter for purposes of this analysis that Gambardella was sued in both his individual and official capacities; the result would be the same here if Guarrasi had sued Gambardella only in his individual capacity.

repayment obligation here.[5]

Accordingly, I will affirm the clerk's taxation of costs. An appropriate order accompanies this memorandum.

---

[5] The Florida Supreme Court, in considering whether a prevailing party was entitled to recover costs paid by its insurer, expressly rejected what it described as "the erroneous premise that a party may not recover costs when the funds used to pay the costs were furnished by a third person without any obligation of repayment." *Aspen v. Bayless*, 564 So. 2d 1081, 1083 (Fla. 1990). The court reasoned that under such a premise, "an indigent personal injury plaintiff who had paid the filing fee with funds given to him by a relative would not be able to recover the filing fee as part of his costs upon the successful completion of his lawsuit." *Id.* Although the Florida court was considering an award of costs under Florida law, and although the court's decisions, in any event, have no precedential value here, I find the court's reasoning persuasive.